[Civ. No. 37124. First Dist., Div. One. Dec. 30, 1975.]

OLAF SKREDEN et al., Petitioners, v.
THE SUPERIOR COURT OF SAN MATEO COUNTY, Respondent;
SAN MATEO COUNTY MOSQUITO ABATEMENT DISTRICT,
Real Party in Interest.

**COUNSEL**

Jackson, Turner & Mulcare and Joseph M. Gughemetti for Petitioners.

No appearance for Respondent.

Keith C. Sorenson, District Attorney, and George F. Camerlengo, Deputy District Attorney, for Real Party in Interest.

## OPINION

**MOLINARI, P. J.**—Petitioners seek a writ of prohibition restraining respondent superior court from taking any further action or proceedings with respect to litigation toward acquisition of petitioners' real property. They also seek a writ of mandate directing respondent court to vacate the order overruling their demurrer to the complaint of real party in interest, for an order sustaining said demurrer without leave to amend and for a dismissal of the action, and for an award of reasonable attorney, appraisal and engineering fees. An alternative writ of prohibition was issued by this court.

■ ■■■ Real party in interest (hereinafter "District") filed a complaint in eminent domain for condemnation of petitioners' real property for use as an office and corporation yard. Petitioners' general demurrer to the complaint was overruled. Thereupon petitioners filed the instant petition. The question presented is whether the District has the statutory authority to exercise the power of eminent domain for the public use of a "district office and corporation yard."[1]

The District relies upon Health and Safety Code section 2270, subdivision (d),[2] as the statutory basis for its alleged power of condemnation. That statute provides as follows: "The district board may: . . . (d) If necessary or proper, in the furtherance of the objects of this chapter, build, construct, repair, and maintain, necessary dikes, levees, cuts, canals, or ditches upon any land, and acquire by purchase, condemnation, or by other lawful means, in the name of the district, any lands, rights-of-way, easements, property, or material necessary for any of those

---

[1]The issue is properly before this court. When the power of a condemning agency to maintain an action in eminent domain has been raised in the trial court by demurrer, motion, plea, or other objection and the jurisdictional challenge has there been resolved in favor of the condemnor, the jurisdictional issue may be properly raised by a petition for writ of prohibition. (*San Bernardino County Flood, etc. Dist.* v. *Superior Court*, 269 Cal.App.2d 514, 518 [75 Cal.Rptr. 24].)

[2]Unless otherwise indicated all statutory references hereinafter made are to the Health and Safety Code.

purposes. . . . *(1)* Do any and all things necessary or incident to the powers granted by, and to carry out the objects specified in, this chapter."

A reading of this statute discloses that it does not expressly refer to the acquisition or condemnation of property for office and corporation yard purposes. Accordingly, the inquiry is specifically directed to the question whether the phrase "necessary for any of those purposes" contained in section 2270, subdivision (d), encompasses within its meaning the purposes for which the instant condemnation is sought.

■ It is a settled principle that a statutory grant of the power of eminent domain must be indicated by express terms or by clear implication. (*County of Marin* v. *Superior Court,* 53 Cal.2d 633, 636 [2 Cal.Rptr. 758, 349 P.2d 526]; *City & County of San Francisco* v. *Ross,* 44 Cal.2d 52, 55 [279 P.2d 529]; *Harden* v. *Superior Court,* 44 Cal.2d 630, 640 [284 P.2d 9]; *City of Los Angeles* v. *Koyer,* 48 Cal.App. 720, 725 [192 P. 301].) It is also a recognized principle that the statutory language defining the eminent domain powers of a governmental entity is to be strictly construed and any reasonable doubt concerning the existence of the power should be resolved against the entity. (*City of North Sacramento* v. *Citizen Utilities Co.,* 192 Cal.App.2d 482, 483 [13 Cal.Rptr. 538]; see *City of Madera* v. *Black,* 181 Cal. 306, 312 [184 P. 397].)

■ We do not entertain a reasonable doubt that there exists in a mosquito abatement district the power to purchase or condemn lands for office and corporation yard purposes. We interpret section 2270, subdivision (d), to state such purposes by clear implication. The statute clearly provides that the district is empowered to build, construct, repair, and maintain, necessary dikes, levees, cuts, canals, or ditches upon any land and that to accomplish these purposes the district is authorized to acquire by purchase, condemnation, or other lawful means, any lands, rights-of-way, easements, property, or material as shall be necessary for such purposes, i.e., the building, construction, repair and maintenance of dikes, levees, cuts, canals or ditches. We apprehend that it is reasonable to conclude that a mosquito abatement district requires an office and a corporation yard in order for it to perform the specific objectives for which it was formed. As observed in *City of North Sacramento,* ". . . the power of eminent domain can arise by implication from the 'powers expressly given'." (192 Cal.App.2d at p. 483; see also *People* v. *Superior Court,* 10 Cal.2d 288, 295-296 [73 P.2d 1221]; *San Joaquin etc. Irr. Co.* v. *Stevinson,* 164 Cal. 221, 226 [128 P. 924]; *San Bernardino County Flood*

*etc. Dist.* v. *Superior Court, supra,* 269 Cal.App.2d 514, 518; *City of Carlsbad* v. *Wight,* 221 Cal.App.2d 756, 760-761 [34 Cal.Rptr. 820]; and see *U. S.* ex rel. *T. V. A.* v. *Welch,* 327 U.S. 546, 551-554 [90 L.Ed. 843, 847-849, 66 S.Ct. 715].)

█ The complaint in this case alleges that petitioners' lands are necessary for use as a district office and corporation yard. Accordingly, the complaint states a cause of action. The question whether the lands are in fact necessary for the stated purposes is a matter to be resolved at trial, i.e., the District will have to establish a necessary nexus between the building of dikes, levees, cuts, canals, or ditches and the proposed use.

The provisions of the subject statute are somewhat similar to those considered by the United States Supreme Court in *U. S.* ex rel. *T. V. A.* v. *Welch, supra,* 327 U.S. 546. In that case the court was called upon to construe certain provisions of the Tennessee Valley Authority Act (16 U.S.C. §§ 831-831dd) to determine whether the act empowered the authority to condemn land. The Supreme Court first observed that the act placed broad responsibility on the authority relating to navigability, flood control, reforestation, marginal lands, and agricultural and industrial development of the whole Tennessee Valley, and that the authority was empowered to make contracts, purchase and sell property deemed necessary or convenient in the transaction of its business, and to build dams, reservoirs, transmission lines, power houses, and other structures. (At p. 553 [90 L.Ed. at pp. 848-849].) The court then noted that section 4(i) of the act empowered the authority to condemn " 'all property that it [the Authority] deems necessary for carrying out the purposes of this Act . . .' "; and that section 25 of the act authorized the authority to institute proceedings " 'for the acquisition by condemnation of any lands, easements, or rights of way which, in the opinion of the Corporation, are necessary to carry out the provisions of this Act.' " (At p. 554 [90 L.Ed. at p. 849].) The Supreme Court held that "All of these provisions show a clear congressional purpose to grant the Authority all the power needed to acquire lands by purchase or by condemnation which it deems necessary for carrying out the Act's purposes." (At p. 554 [90 L.Ed. at p. 849].)

It should be noted here that in the present case petitioners concede that the District has the power under section 2270, subdivision (d), to acquire lands by purchase for the purpose of an administrative office and a corporation yard. In view of this concession it is difficult to comprehend the contention that the District does not have the power to acquire

property for these purposes by condemnation when the statute states, in parallel terminology, that the District may "acquire by purchase, condemnation, or by other lawful means . . . any lands . . . ."

The case of *City of Los Angeles* v. *Koyer, supra,* 48 Cal.App. 720, is distinguishable. In that case the city sought to condemn property for use as a warehouse. The city's power of eminent domain extended under the provisions of Code of Civil Procedure section 1238, as it then provided, to the following public uses: "4. Wharves, docks, piers, chutes, booms, ferries, bridges. . . ." The appellate court held that the power of eminent domain did not extend to a warehouse at a location distinctly different and separate from that of a wharf. (At p. 723.) In *Koyer,* the power of eminent domain was limited to the specific uses enumerated and did not contain the broad grant of nonspecific uses which the Legislature authorized by clear implication in section 2270, subdivision (d).

In view of the conclusion we have reached we need not consider the District's contention that special districts such as the District have additional powers of eminent domain under Civil Code section 1001.[3] Moreover, we note that the complaint delineates and alleges section 2270, subdivision (d), to be the sole condemning authorization upon which it is predicating its action.

The alternative writ of prohibition is discharged. The petition for a peremptory writ of prohibition and for a peremptory writ of mandate is denied.

Sims, J., and Elkington, J., concurred.

---

[3]Civil Code section 1001, in relevant part, provides: "Any person may, without further legislative action, acquire private property for any use specified in section twelve hundred and thirty-eight of the Code of Civil Procedure . . . by proceedings had under the provisions of title seven, part three, of the Code of Civil Procedure [eminent domain]; and any person seeking to acquire property for any of the uses mentioned in such title is 'an agent of the state,' or a 'person in charge of such use,' within the meaning of those terms as used in such title. . . ."

Code of Civil Procedure section 1238 provides, in relevant part, that "[T]he right of eminent domain may be exercised in behalf of the following public uses: . . . 2. Public buildings and grounds . . . ."